## DECEMBER TERM, 1842.

JOHN CRISMAN, *et al. v.* A. G. BEASLEY, ADMINISTRATOR OF
JAMES BEASLEY.

C. filed his bill, alleging that B., administrator, sold a lot of ground of his intestate, to
him, representing that he had full power to sell, when in fact he had none, and no
order of court had been obtained for that purpose ; that he had executed his note for
purchase-money, had been sued, and judgment had been obtained against him ; that he
did not know, until after judgment, that B. had had no power to sell, and that he had
no order for that purpose ; B. demurred to the bill ; *held,* that the bill presented a good
case for relief ; that B. was guilty of fraud in the misrepresentation, and that the de-
murrer must be overruled.

Where an administrator sells property of his intestate, there is an implied covenant with
the purchaser, that he has authority to sell.

An allegation, that the complainant did not come to the knowledge of the defect of his
vendor's, who was an administrator, power to sell, till after the judgment at law in
favor of the vendor for the purchase-money, is a sufficient excuse for not having made
the defence at law.

It is essential to the validity of an administrator's sale, that the probate record disclose a
substantial compliance with the requirements of the statute on that subject.

THIS cause was submitted, on demurrer to the complainant's bill.

CHANCELLOR. Crisman purchased a lot of ground in the city
of Jackson, from A. G. Beasley, who professed to sell under an
order of the Probate Court of Hinds county, made at his instance,
as administrator of James Beasley. The note given for the pur-
chase-money was sued on, and a judgment obtained at law; to en-
join that judgment is the object of this bill, the equity of which rests
upon the allegation, that the administrator represented that he had
sufficient authority to sell ; whereas, the order of the Probate Court,
under which he acted, was null and void, not complying with the
law on that subject, and that the sale was itself void, and passed no
title ; that he has learned these facts since the rendition of the judg-
ment at law. The defendant, Beasley, has demurred to the bill,
and whether that demurrer is well taken or not, is the question for
decision. The objection is, that the complainant's defence was at

Crisman, et al. *v.* Beasley.

law, and that, having failed to make it, he is precluded from relief in this Court. Several answers may be given to this suggestion.

1. The bill alleges, and the demurrer admits, that the defendant represented that he had full power and authority to make sale of the lot. Now the administrator was bound to know whether he was legally and fully authorized to make the sale or not ; it was his duty to see that all the steps by which he derived his authority were regular and legal ; and if, as is alleged, he induced the complainant to purchase the lot, by asserting that he had the authority of the law for the sale, when in truth he had not, it was a fraud upon the complainant, against which he is entitled to relief in this Court ; and the same principle equally applies, if the administrator acted under a void authority. Although an administrator, in selling property by order of the Probate Court, gives no covenant of warranty of title; yet there is a clear implied covenant with the purchaser, that he has authority to sell.

2. In the next place, it is distinctly alleged in the bill, that the complainant did not come to a knowledge of the defect in the authority of the administrator to sell, until since the trial at law. I have heretofore decided, that, in order to the validity of sales of this description, it is essential that the probate record shall disclose a substantial compliance with all the requirements of the statute upon that subject. The power given to the Probate Court is in the nature of a special power, and, like all other special authorities, must be strictly pursued. A copy of the record of the Probate Court, which is exhibited with the bill, only shows that a citation to those interested in the lot had been " ordered," at a former term, without showing whether there had been any execution or return thereof; this falls far short of the provisions of the statute. See How. and Hutch. Dig. 419. This copy does not purport to be a complete transcript of the whole proceedings; whether a more complete copy of the record will remove the defects complained of, I cannot now anticipate.

Let the demurrer be overruled, with leave to answer.